```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MICHIGAN
                           SOUTHERN DIVISION
```

GREGORY BONAPARTE,

                                             Case No. 2:21-cv-12308

        Petitioner,

                                             HONORABLE STEPHEN J. MURPHY, III

v.

KELLY, et al.,

        Respondents.
_____/

## OMNIBUS OPINION AND ORDER

Petitioner Gregory Bonaparte—confined at the St. Clair County Jail in Port Huron, Michigan—filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241. ECF 1. The Court will summarily dismiss the petition without prejudice.

## BACKGROUND

Petitioner is a federal prisoner who was housed at the Cherry Health Community Treatment Center in Detroit, Michigan as part of his re-entry into society. *Id.* at 1–2. Petitioner alleges that he filed a grievance against treatment center personnel for assigning several white prisoners bed spaces around him and for refusing to move him to another bed space. *Id.* at 2. Petitioner claims that his grievance was denied. *Id.* at 3. A few days later, he accidentally spilled water on two white residents in the hallway. *Id.* While the three residents tried to resolve the incident, a staff member from the residential treatment center approached them. *Id.* Petitioner informed the staff member that there was not a problem. *Id.* Later that day, a staff member approached Petitioner while he was sitting on his bed and told

him that the Director of the treatment center decided to remove Petitioner from the center. *Id.* Petitioner was moved to the St. Clair County Jail, where he is now confined. *Id.* at 4.

Petitioner claims that treatment center staff violated his due process rights by failing to provide him notice and to conduct a hearing on the matter before transferring him to the county jail. *Id.* at 5–6. At the county jail, he has allegedly endured religious discrimination because jail staff confiscated his Rastafarian headwear. *Id.* at 4. Petitioner seeks to be released to home confinement. *Id.* at 7.

## LEGAL STANDARD

After a habeas petition is filed, the Court must promptly undertake a preliminary review of the petition to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the *Rules Governing § 2254 Cases in the United States District Courts*; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that a petitioner has no right to relief, the Court must summarily dismiss the petition. Rule 4 of the *Rules Governing § 2254 Cases in the United States District Courts*; *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (stating that, under § 2243, the district court has "a duty to screen out" petitions that lack merit on their face). Dismissal is warranted under Rule 4 if, on the face of the petition and any attached exhibits, the petition appears to be legally insufficient or shows that the petitioner has no right to federal habeas relief. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999).

A district court can summarily dismiss, under Rule 4, facially insufficient habeas petitions brought under § 2241. *See, e.g., Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001) (Borman, J.) (additional citations omitted); *see also* Rule 1(b) of the *Rules Governing § 2254 Cases in the United States District Courts*.

## DISCUSSION

The Court will summarily dismiss the petition because the petition is facially insufficient. *Id.* The Bureau of Prisons, not the judiciary, "is responsible for designating the place of a prisoner's imprisonment." *United States v. Townsend*, 631 F. App'x 373, 378 (6th Cir. 2015) (citing 18 U.S.C. § 3621(b)). A petitioner "enjoys no statutory or constitutionally protected right, or entitlement, to transfer to . . . home confinement." *Heard v. Quintana*, 184 F. Supp. 3d 515, 521 (E.D. Ky. 2016) (emphasis omitted). Petitioner therefore, on the face of his habeas petition, has no right to home confinement. *Id.*; *see also Bey v. Terris*, No. 19-12120, 2020 WL 6060486, at *4 (E.D. Mich. Oct. 14, 2020) (Edmunds, J.).

Nor does a prisoner have a constitutional right to placement in a particular prison or jail or to have a certain security classification. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Montanye v. Haymes*, 427 U.S. 236, 242 (1976) ("The [Due Process] Clause does not require hearings in connection with transfers whether or not they are the result of the inmate's misbehavior or may be labeled as disciplinary or punitive."); *Beard v. Livesay*, 798 F.2d 874, 876 (6th Cir. 1986) (stating that prisoners do not have an inherent constitutional right "to enjoy a particular security classification."). Petitioner therefore has no clearly established constitutional right to

3

placement in a residential re-entry center, a halfway house, or any particular place of confinement. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 576 (6th Cir. 2005) (stating that an inmate's designation as a security threat group leader, which caused him to be excluded from community placement and receive visitor restrictions, without a hearing, did not violate the inmate's equal protection or due process rights); *Nunez v. FCI Elkton*, 32 F. App'x 724, 725 (6th Cir. 2002) (per curiam) (stating that a prisoner failed to state a claim for a due process violation when he was transferred and denied eligibility for placement in a halfway house).

And if Petitioner were to allege religious discrimination by jail officials, the claim is non-cognizable in a habeas petition. When a prisoner is challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). But "habeas corpus is not available to prisoners who are complaining only of mistreatment during their legal incarceration." *Lutz v. Hemingway*, 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007) (Lawson, J.) (citation omitted). Such complaints "do not relate to the legality of the petitioner's confinement, nor do they relate to the legal sufficiency of the criminal court proceedings which resulted in the incarceration of the petitioner." *Id.* (quoting *Maddux v. Rose*, 483 F. Supp. 661, 672 (E.D. Tenn. 1980)). Instead, an inmate should bring a claim that challenges the conditions of confinement under 42 U.S.C. § 1983. *Id.* (citing *Austin v. Bell*, 927 F. Supp. 1058, 1066 (M.D. Tenn. 1996)). Petitioner's

4

challenge to the conditions of his confinement "fall[s] outside of the cognizable core of habeas corpus relief." *Hodges v. Bell*, 170 F. App'x 389, 393 (6th Cir. 2006). Petitioner's claim that jail officials have discriminated against him based on his religious practices does not implicate the length or duration of his sentence and thus a petition for a writ of habeas corpus is not the appropriate avenue for obtaining relief. *See Williams-Bey v. Buss*, 263 F. App'x 523, 524 (7th Cir. 2008); *see also Smith v. Ludwick*, No. 1-CV-10668, 2010 WL 1780960, *1 (E.D. Mich. Apr. 30, 2010) (Murphy, J.). Because Petitioner's pro se habeas petition is a subject more appropriately reached under 42 U.S.C. § 1983, the Court will dismiss the petition without prejudice and allow Petitioner to raise potential civil rights claims properly under that statute. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Williams-Bey*, 263 F. App'x at 524.

## CONCLUSION

To appeal the Court's decision, Petitioner must obtain a certificate of appealability. *See Greene v. Tenn. Dep't of Corr.*, 265 F.3d 369, 372 (6th Cir. 2001); Rule 11 of the *Rules Governing Section 2254 Cases in the United States District Courts*. To obtain a certificate of appealability, Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner must show "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (cleaned up). And if a court denies a petition

for a writ of habeas corpus on procedural grounds, the court should issue a certificate of appealability when the petitioner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

The Court will deny a certificate of appealability because "a plain procedural bar is present and the [] [C]ourt is correct to invoke it to dispose of the case," so "a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

The Court will also deny Petitioner leave to appeal in forma pauperis because an appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

Because the Court has now ruled on the petition for a writ of habeas corpus, the Court will deny Petitioner's emergency motion to expedite the proceedings, ECF 4, as moot.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the petition for a writ of habeas corpus [1] is summarily **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Petitioner is **DENIED** a certificate of appealability.

**IT IS FURTHER ORDERED** that Petitioner is **DENIED** in forma pauperis status on appeal.

6

**IT IS FURTHER ORDERED** that Petitioner's emergency motion to expedite the proceedings [4] is **DENIED AS MOOT**.

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: December 8, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 8, 2021, by electronic and/or ordinary mail.

s/ David P. Parker  
Case Manager